IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON AUS, JANIS AUS, and the ESTATE OF JEREMY AUS,, <br><br> Plaintiffs, <br> v. <br><br> NEWELL K. WHITNESALT LAKE COUNTY, JAMES WINDER, and John and Jane Does 1-10,Y, et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND <br><br> Case No. 2:16-cv-266 JP <br><br> District Judge Jill Parrish <br><br> Magistrate Judge Brooke Wells |

Plaintiffs seek to file an amended complaint.[1] Plaintiffs are the heirs of the deceased Jeremy Aus, who filed a complaint with one claim for relief for failure to provide adequate medical care under 42 U.S.C. Section 1983 (1983 claim). Plaintiffs seek to add the County Defendants' contracted medical provider Wellcon, Inc. (Wellcon) as an additional defendant for the 1983 claim and seek to add an additional state law claim of medical malpractice against Wellcon only. As set forth below the court denies the motion.

## BACKGROUND

Jeremy Aus was booked into the Salt Lake County Jail on approximately November 6, 2013.[2] Mr. Aus had been on a daily Clonzepam prescription for over ten years for anxiety.[3] Clonazepam is a benzodiazepine. The Salt Lake County Jail "does not usually dispense benzodiazepines" and declined to continue providing Jeremy Cloanzepam.[4] Plaintiffs allege this

---

[1] Docket no. 21.

[2] Complaint ¶14, docket no. 2.

[3] *Id.* ¶20.

[4] *Id.* ¶34-37.

abrupt detoxification created withdrawal symptoms and led to Jeremy's eventual death on November 16, 2014.[5]  Plaintiffs filed this suit bringing a 1983 claim for failure to provide adequate medical care in violation of Mr. Aus' 8th and 14th Constitutional Amendment rights.

DISCUSSION

Federal Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires."[6]  "The district court has 'wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation.'"[7] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[8]  "Although Fed.R.Civ.P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile.  A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[9] The Tenth Circuit has held that that it would futile to allow a party to amend its complaint when the claim sought to be added would be barred by the statute of limitation.[10]

Plaintiffs move the court to add the County Defendants' contracted medical provider Wellcon as an additional defendant for the 1983 claim and seek to add an additional state law claim of medical malpractice against Wellcon only.  If the court permits the state medical malpractice claim against Wellcon Plaintiffs must first satisfy the pre-litigation procedures of the

---

[5] *Id.* ¶¶42-43.

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999)).

[8] *Id.* (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

[9] *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999).

[10] See e.g., *Bradly v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

Utah Medical Malpractice Act.[11]  Plaintiffs are still in the process of satisfying the pre-litigation procedures and are awaiting the required hearing.  Defendants do not object to Wellcon being added to the 1983 claim, but do object about the addition of the medical malpractice state law claim.  So the narrow issue before the court is whether or not to allow the state medical malpractice claim.

The statute of limitations provision of the Utah Health Care Malpractice Act, requires that "[a] malpractice action against a health care provider shall be commenced within two years after the plaintiff or patient discovers, or through the use of reasonable diligence should have discovered the injury, whichever first occurs, but not exceed four years after the date of the alleged act, omission or neglect, or occurrence."[12]  Mr. Aus died on November 16, 2013 and Plaintiffs filed this suit on April 4 2016, more than three years after Mr. Aus died.  Defendants argue this is a full year after the two year statute of limitations ran.  Thus, the medical malpractice claim is time barred unless an exception applies.  In response, Plaintiffs argue that they filed suit within the maximum four year limitations date and it was not until April 15, 2014, when a medical expert mentioned the possible issues with Defendants failure to provide the proscribed Clonazepam, that Plaintiffs should have discovered the injury.

The court is persuaded by Plaintiffs arguments.  The Medical Malpractice Act statute of limitations "beings to run when an injured person knows or should know that he has suffered legal injury."[13]  Here, the court finds it reasonable that Plaintiffs would have not known about the possible complications with Clonazepam not being provided until a medical expert

---

[11] *See* Utah Code Ann. § 78B-3-401, et seq.

[12] Utah Code Ann. § 78B-3-404(1).

[13] *Foil v. Ballinger*, 601 P.2d 144, 147 (Utah Sup.Ct. 1979)

investigated the issue. The court therefore finds Plaintiffs filed within the applicable statute of limitations.[14]

Having found that Plaintiffs filing is within the statute of limitations the court turns to other considerations. Much discovery has already taken place in this action. Fact discovery is set to close on February 14, 2017 with expert reports due the next month in March.[15] Defendants argue that it is "unfair and prejudicial to the County Defendants for Plaintiffs to derail the current litigation by adding a new state law claim of medical malpractice that is not even ripe to be pleaded given the pre-litigation requirements of the Utah Health Care Malpractice Act."[16] In response Plaintiffs argue Defendants have not met their burden to show prejudice and a "brief delay . . . is not a basis for denying the motion to amend."[17] But it is not as simple as Plaintiffs assert.

It is uncertain exactly how long the pre-litigation procedures will take. And even more concerning, it is unknown whether Plaintiffs will even be successful in the pre-litigation phase persuading the review board that they may bring an action. By allowing the state medical malpractices claim these uncertainties would be introduced into this case creating prejudice for Defendants. Such prejudice is magnified by the stage of the proceedings in this case. In short, based on the specific facts in this case, the court finds undue prejudice to Defendants and thus it is proper to deny the motion.

---

[14] Given this finding the court does not consider the fraudulent concealment exception.

[15] *See* Amended Scheduling Order p. 2-3, docket no. 20.

[16] Op. p. 8, docket no. 22.

[17] Reply p. 6.

4

ORDER

For these reasons the court DENIES Plaintiff's Motion for Leave to Amend.

IT IS SO ORDERED.

DATED this 1 February 2017.

_____
Brooke C. Wells
United States Magistrate Judge