IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON AUS, JANIS AUS, and the ESTATE of JEREMY AUS,<br><br>Plaintiffs,<br>v.<br><br>SALT LAKE COUNTY, JAMES WINDER, WELLCON, INC., and John and Jane Does 1-10,<br><br>Defendants. | **ORDER and MEMORANDUM DECISION OVERRULING PLAINTIFFS' OBJECTION and AFFIRMING MAGISTRATE'S ORDER**<br><br>Case No. 2:16-cv-00266-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

Before the court is an Objection filed by Plaintiffs Jason Aus, Janis Aus, and the Estate of Jeremy Aus ("Plaintiffs") pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). (Docket No. 30). Plaintiffs specifically object to Magistrate Judge Brooke C. Wells' February 1, 2017 denial of their request to add a medical malpractice claim against Defendant Wellcon, Inc. After reviewing the Objection and County Defendants'[1] Response, the court concludes that oral argument would not materially advance the resolution of this matter. *See* DUCivR 7-1(f). The court also concludes that the Objection must be overruled and the Magistrate's Order must be affirmed. Nevertheless, the court alters the Scheduling Order as explained below.

## BACKGROUND

This Objection arises in the context of a civil rights action under 42 U.S.C. § 1983. Plaintiffs filed their original complaint on April 4, 2016, alleging that County Defendants' failure to provide adequate medical care to Jeremy Aus while he was incarcerated led to his death.

---

[1] Throughout this decision, Defendants Salt Lake County and James Winder are referred to collectively as "County Defendants."

(Docket No. 2). A scheduling order was entered on August 2, 2016 and amended on November 17, 2016. (Docket Nos. 16, 20). The amended scheduling order listed the close of fact discovery as February 14, 2017 and the last day to amend pleadings and add parties as December 12, 2016. (Docket No. 20, at 2).

On December 12, 2016, Plaintiffs filed a motion for leave to amend their complaint. (Docket No. 21). Plaintiffs' proposed amended complaint added Wellcon, Inc. as a defendant in the existing § 1983 action and added a new medical malpractice claim under state law against Wellcon, Inc. County Defendants stipulated to the addition of Wellcon, Inc. to the §1983 action, but opposed the addition of a medical malpractice claim against Wellcon, Inc. (Docket No. 22). County Defendants argued that the proposed medical malpractice claim was time-barred under Utah Code § 78B-3-404(1) and that addition of the malpractice claim would unduly delay proceedings. Specifically, County Defendants asserted that the addition of the medical malpractice claim would delay proceedings in at least two ways. First, Plaintiffs had not yet completed the Utah Health Care Malpractice Act's ("UHCMA") mandatory pre-litigation procedures, which are a prerequisite to any malpractice suit against a healthcare provider. *See* § 78B-3-416(1)(c). County Defendants urged that this pre-litigation process could take up to six months to reach a conclusion. Second, County Defendants asserted that the close of fact discovery on February 14, 2017 was fast approaching and suggested that the addition of the malpractice claim would necessarily prolong pretrial discovery. County Defendants contended that these potential delays would be prejudicial to their interest in resolving the existing claims against them promptly.

In response, Plaintiffs acknowledged that they had not yet obtained the required "certificate of compliance" issued by a state medical review board, which would confirm that

they had "complied with all conditions precedent" to suit under the Act. *See* § 78B-3-418(1). Nevertheless, Plaintiffs insisted that they could obtain the required certificate in relatively short order. In fact, they predicted no more than "a few months" were required to complete the pre-litigation process. (Docket No. 23, at 6). As to any delay in pretrial discovery, Plaintiffs argued that County Defendants had already stipulated to the addition of a new party, which would necessarily prolong pretrial discovery even without the addition of the medical malpractice claim.

Oral argument on the motion to amend was held before the Magistrate on January 27, 2017. (Docket No. 26). There, Plaintiffs insisted that they would be unable to refile the medical malpractice claim in state court because the statutory limitations period had expired. (*See* Docket No. 33-1, at 9). Shortly thereafter, the Magistrate issued an order permitting the addition of Defendant Wellcon, Inc. to the 42 U.S.C. § 1983 claim, but denying leave to amend the complaint to add a medical malpractice claim against Defendant Wellcon, Inc.[2] (Docket No. 27). The Magistrate premised the denial of leave to amend on the prejudice that could befall Defendants should the malpractice claim be added:

> It is uncertain how long the pre-litigation procedures will take. And even more concerning, it is unknown whether Plaintiffs will even be successful in the pre-litigation phase persuading the review board that they may bring an action. By allowing the state medical malpractices claim, these uncertainties would be introduced into this case creating prejudice for [County] Defendants. Such

---

[2] Judge Wells first concluded that the proposed malpractice claim was timely under Utah Code 78B-3-404(1) and therefore amendment to include the claim would not be futile. (Docket No. 27, at 3–4). Defendants continue to insist that leave to amend the complaint would be futile because the medical malpractice claim is time-barred. (Docket No. 33, at 4). The court need not definitively decide the issue here because Plaintiffs have articulated at least a potentially colorable argument for timeliness. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff *may* be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." (emphasis added)). The UHCMA bars any "malpractice action against a health care provider" that is not "commenced within two years after the plaintiff or patient discovers, or . . . should have discovered the injury." § 78B-3-404(1). Though the parties differ as to when Plaintiffs actually discovered or should have discovered the legal injury, that determination is a "fact-intensive question" ultimately left to the jury under Utah law. *See Arnold v. Grigsby*, 289 P.3d 449, 453 (Utah 2012) (citing *Daniels v. Gamma West Brachytherapy, LLC*, 221 P.3d 256, 265 (Utah 2009)). Thus, it is unfit for definitive resolution at this stage.

> prejudice is magnified by the stage of the proceedings in this case. In short, based on the specific facts of this case, the court finds undue prejudice to [County] Defendants and thus it is proper to deny [Plaintiffs'] motion [to amend].

(Docket No. 27, at 4). In reaching this conclusion, the Magistrate noted that "[m]uch discovery has already taken place in this action" and that "[f]act discovery is set to close on February 14, 2017 with expert reports due the next month in March."[3] (*Id.*). Based on this analysis, the Magistrate denied Plaintiffs' motion to amend in part, refusing to allow the addition of the medical malpractice claim against Defendant Wellcon, Inc.

On February 15, 2017, Plaintiffs objected to the Magistrate's decision pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). (Docket No. 30). Pursuant to DUCivR 72-3(b), this court ordered Defendants Salt Lake County and James Winder ("County Defendants") to respond to Plaintiffs' Objection. (Docket No. 32). County Defendants timely complied. (Docket No. 33). The court now reviews the Magistrate's decision under 28 U.S.C. § 636(b)(1)(A).

## DISCUSSION

Plaintiffs object to the Magistrate's decision and argue that she applied the wrong legal standard to find undue prejudice in this instance. (Docket No. 30, at 1, 4–6). County Defendants, of course, disagree. (Docket No. 33, at 4). In reexamining whether to allow Plaintiffs to add the medical malpractice claim, this court must "defer to the magistrate judge's ruling unless it [was] clearly erroneous or contrary to law." *See Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (alteration in original) (quoting *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The "clearly erroneous" standard requires affirmance unless the reviewing court "on the entire evidence is left with the definite and firm

---

[3] Since the Magistrate's ruling, the parties have stipulated to an alteration of the discovery deadlines in this case, extending fact discovery until June 16, 2017 and expert discovery until November 17, 2017. (Docket Nos. 28, 29).

conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A magistrate's decision is "contrary to law" if the magistrate applies the wrong legal standard or misapplies the proper standard. *Meacham v. Church*, No. 2:08-cv-535, 2010 WL 1576711, at *1 (D. Utah Apr. 19, 2010) (unpublished) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008)).

Here, Plaintiffs argue that the Magistrate's decision was contrary to law because she applied the incorrect legal standard in finding undue prejudice. Specifically, Plaintiffs argue that courts in the Tenth Circuit "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." (Docket No. 30, at 7 (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (internal quotations omitted))). While this may be true as a general rule, the authorities cited by Plaintiffs do not definitively hold that a court may *only* find prejudice when the amendment might affect the defendant's case. *See Minter*, 451 F.3d at 1208 ("Courts *typically* find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." (emphasis added and internal quotations omitted)). Plaintiffs have not pointed to any authority that would suggest that courts are somehow precluded from considering other sources of prejudice. Thus, the court cannot hold that a specific focus on the prejudice resulting from potential delays was necessarily contrary to law.

In any event, the court finds that amendment of Plaintiffs' complaint to add a medical malpractice claim at this stage would be futile. "An amendment is futile if the amended complaint would be subject to dismissal for any reason, including summary judgment." *Coleman v. Utah State Charter Sch. Bd.*, —F. App'x—, 2016 WL 7321198 at *3 (10th Cir. Dec. 16, 2016)

5

(unpublished) (citing *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001)). Here, Plaintiffs acknowledge that they have not yet completed the mandatory pre-litigation procedures under the UHCMA. These pre-litigation procedures "are compulsory as a condition precedent to commencing litigation[,]" *see* Utah Code § 78B-3-416(1)(c), and any claim brought prior to their completion is subject to dismissal as a matter of law, *see Smith v. Four Corners Mental Health Ctr., Inc.*, 70 P.3d 904, 914 (Utah 2003) (citing *Platts v. Parents Helping Parents*, 947 P.2d 658, 661 (Utah 1997)). Thus, Plaintiffs' malpractice claim would be immediately subject to dismissal upon filing of the amended complaint. This reason alone justifies denial of the requested leave to amend. *See Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)) (explaining that refusal of leave to amend may be justified by "futility of amendment"). In sum, this court holds that the denial of leave to amend was not contrary to law and Plaintiffs' objections to that effect are overruled.

That being said, this court believes that justice may require leave to amend once the pre-litigation procedural requirements have been met. Plaintiffs asserted at oral argument before the Magistrate that their claim is likely time-barred if it is not brought in the course of this litigation. (Docket No. 33-1, at 9). Whether or not that is ultimately the case, justice is best served by avoiding such a result. *See Foman*, 371 U.S. at 182. ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Accordingly, this court is willing to entertain a motion to amend the complaint once the pre-litigation procedures have been completed and the claim is potentially ripe for litigation. Plaintiffs have indicated that they will complete the pre-litigation procedures by at least May 26, 2017, which falls approximately three weeks before the

end of fact discovery in this case. (Docket No. 30, at 8). The court therefore *sua sponte* amends the scheduling order as follows: Plaintiffs may file a motion to amend the complaint to add the malpractice claim against Defendant Wellcon, Inc. on or before June 2, 2017. At that stage, the court will be better able to assess the arguments for and against addition of the malpractice claim to this suit, including the applicability of the statute of limitations, the need for additional discovery, and any potential prejudice to Defendants from the amendment.

## CONCLUSION

Based on the foregoing, the court hereby **OVERRULES** Plaintiffs' Objection (Docket No. 30) and **AFFIRMS** the Order of the Magistrate in this case (Docket No. 27). The court further **ORDERS** that the Scheduling Order (Docket No. 29) is hereby amended to allow Plaintiffs to file a motion to add a medical malpractice claim against Defendant Wellcon, Inc. **on or before June 2, 2017**.

IT SO ORDERED.

Signed this 17th day of April, 2017.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge