IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JASON AUS, JANIS AUS, and the ESTATE of JEREMY AUS,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE COUNTY, JAMES WINDER, and John and Jane Does 1-10, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO COMPEL DISCOVERY<br><br>Case No. 2:16-cv-266 JP<br><br>District Judge Jill Parrish<br><br>Magistrate Judge Brooke Wells |

Pending before the Court is Plaintiffs' Motion to Compel.[1] Plaintiffs seek "information regarding a practice that denies inmates access to verified medical prescriptions" while at the Salt Lake County Jail.[2] Plaintiffs also seek costs associated with bringing the motion. The Court heard argument regarding Plaintiffs' motion on March 28, 2018. Daniel Baczynski appeared for Plaintiffs and Ruby Redshaw and Valerie Wilde appeared for Defendants. Having considered the parties' arguments, memoranda and relevant case law, the court finds the requests are irrelevant and not proportional to the needs of the case. Therefore the motion will be denied. The court, however, will order the production of pharmacy records as discussed during oral argument within fourteen (14) days from the date of this order.

BACKGROUND

Jeremy Aus was booked into the Salt Lake County Jail on approximately November 6, 2013.[3] Mr. Aus had been on a daily Clonazepam prescription for anxiety.[4] Clonazepam is a

---

[1] ECF No. 59.

[2] Mtn. p. 1.

[3] Complaint ¶14, docket no. 2.

benzodiazepine. The Salt Lake County Jail "does not usually dispense benzodiazepines" and declined to continue providing Mr. Aus Clonazepam.[5] Plaintiffs allege this detoxification created withdrawal symptoms and led to Jeremy's eventual death on November 16, 2014.[6] Plaintiffs claim municipal liability against Defendants for its prescription practices regarding benzodiazepines.[7] Currently at issue are Plaintiffs discovery requests seeking statistics on individuals who present at the jail with verified prescriptions and whether the Jail denies those prescriptions.

## DISCUSSION

Plaintiffs argue that to establish municipal liability they need information "about the number of individuals who preset at the jail with verified benzodiazepine prescriptions and whether SLC denied these individuals access to their medication."[8] The Interrogatories at issue are numbers 4, 5, 6, and 15 and document requests 6 and 9. During oral argument Plaintiffs' council noted the key Interrogatory is number 6 and if Defendants are compelled to answer that Interrogatory then the others at issue are unnecessary. Interrogatory No. 6 states:

> Identify the number of inmates admitted to Salt Lake County Jail in 2013 with current benzodiazepine prescriptions and from that number, identify by number, inmates who were allowed to continue their prescription, inmates allowed to continue their benzodiazepine use on a taper, and inmates who were completely denied access to benzodiazepines.[9]

---

[4] *Id.* ¶20.

[5] *Id.* ¶34-37.

[6] *Id.* ¶¶42-43.

[7] The court notes the standards used by jails in Utah for such things as providing medication, have been the subject of public scrutiny lately. For example, on March 29, 2018, the day after the Court's hearing, the Salt Lake Tribune posted an editorial opinion about the need to make jail standards public rather than private as they have been for years. *See Behind locked doors*, Salt Lake Tribune p. A12, March 29, 2018.

[8] Mtn. p. 2.

[9] ECF No. 59-1.

Defendants contest the relevance of the information sought by Plaintiffs. The cause of death by the medical examiner did not attribute it to the withdrawal of benzodiazepine. Rather, it was due to acute onset encephalitis. In addition, the information sought by Plaintiffs would require a manual review of numerous individuals' private medical records, which would implicate HIPAA, and be unduly burdensome because there are approximately 35,000 charts in 2013 that would need review. Finally, Defendants argue much of the information sought by Plaintiffs may be found in pharmacy records.

Federal Rule 26 sets forth the scope and limits of discovery available to parties. It provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[10]

Thus a party must demonstrate that requested discovery is not only relevant but also proportional to the needs of the case.

Admittedly relevance is broadly construed at the discovery stage of a case, but it is not without limits.[11] Here, the relevance of the discovery is questionable given the medical examiners findings. Further, in weighing the proportionality requirement, the Court finds the burden of producing the requested discovery outweighs its benefit. At oral argument Plaintiffs' counsel narrowed the scope of the requested discovery to 3 months' worth of data, which would be around 9,000 records. Even with those limits, the Court still finds it is not proportional to the

---

[10] Fed. R. Civ. P. 26(b).

[11] *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253, (1978) ("discovery, like all matters of procedure, has ultimate and necessary boundaries."); *Kannaday v. Ball*, 292 F.R.D. 640, 650 (D. Kan. 2013) (noting the standards of discovery).

needs of the case especially given its questionable relevance and the high likelihood that the pharmaceutical records will provide similar information.

At oral argument Defendants' counsel represented that much of the information sought by Plaintiffs may be found in the pharmacy records that have yet to be produced due to some problems with the record keeping system.  Defense counsel agreed to produce those records.  As noted during oral argument the Court will require their production.

Finally, the Court has considered the other discovery requests at issue and finds them similar to Interrogatory No. 6 in that they are overbroad and not proportional to the needs of this case.[12]  Accordingly, the Court will not order further answers to them.

### ORDER

For the reasons set forth above the Court DENIES Plaintiffs' Motion to Compel.  The Court FURTHER ORDERS the production of the pharmacy records within fourteen (14) days from the date of this order.

DATED this 11 April 2018.

Brooke C. Wells
United States Magistrate Judge

---

[12] For example Interrogatory No. 4 seeks "all complaints, warnings (written or verbal), and other written documentation form 2008-2013."  And Interrogatory No. 5 requests Defendants to "identify all complaints, warnings (written or verbal), and other written documentation from 2008-2013 regarding the Jail personnel placing individuals with benzodiazepines prescription tapers."  These requests are not sufficiently limited as to time or subject matter.