IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON AUS, JANIS AUS, and the ESTATE of JEREMY AUS,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE COUNTY, JAMES WINDER, WELLCON, INC., and John and Jane Does 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFFS' OBJECTION TO MAGISTRATE JUDGE'S ORDER**<br><br>Case No. 2:16-cv-00266-JNP-BCW<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |

Before the court is an Objection filed by Plaintiffs Jason Aus, Janis Aus, and the Estate of Jeremy Aus ("Plaintiffs") pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A). (Docket No. 66). On April 11, 2018, Magistrate Judge Wells denied plaintiffs' motion to compel discovery. (ECF No. 65). Because plaintiffs have filed a timely objection to that order, the court must review it and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). For the reasons below, plaintiffs' objection is overruled.

## BACKGROUND

This is a § 1983 action seeking redress for alleged violations of Jeremy Aus's constitutional rights while he was an inmate at Salt Lake County jail. During discovery in this matter, plaintiffs sought to compel an answer to interrogatory No. 6, which asked the defendants to:

> Identify the number of inmates admitted to Salt Lake County Jail in 2013 with current benzodiazepine prescriptions and from that number, identify by number, inmates who were allowed to continue their prescription, inmates allowed to

continue their benzodiazepine use on a taper, and inmates who were completely denied access to benzodiazepines.

Magistrate Judge Wells denied plaintiffs' motion to compel, in part because this interrogatory was of questionable relevance in light of a medical examiner's conclusion that Mr. Aus' cause of death was acute onset encephalitis.

Plaintiffs object that "regardless of the Aus' withdrawal's [sic] role in his death, the information remains directly relevant to whether SLC has an unconstitutional practice." While technically true, this statement does not reflect the law with respect to the requisite nexus between a § 1983 plaintiff's injury and the constitutional violation that caused it. The Supreme Court has held that § 1983 "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions." *Monroe v. Pape*, 365 U.S. 167, 187 (1961). Accordingly, defendants in a § 1983 action "are liable for the harm proximately caused by their conduct." *Martinez v. Carson*, 697 F.3d 1252, 1255 (10th Cir. 2012).

Plaintiffs are correct that, in order to impose § 1983 liability on a municipality (so-called *Monell* liability), a plaintiff must demonstrate the existence of a policy or custom. But even if plaintiffs found a policy or custom of denying benzodiazepines to inmates, they could not ultimately recover from the municipality unless this policy or custom was the "moving force" (or proximate cause) of Jeremy Aus' constitutional injury. *See Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658, 694 (1978). Accordingly, plaintiffs' argument that the role of Mr. Aus' benzodiazepine withdrawal in his death is irrelevant to whether defendants should be compelled to respond to the interrogatory must be rejected. Relevance during discovery is broad, but it cannot be used to permit unduly burdensome discovery requests that are calculated to establish a fact that does not bear on plaintiffs' claims.

Magistrate Judge Wells found that responding to interrogatory No. 6 would be unduly burdensome, and that even if the timeframe was narrowed to a three-month period, it would require a manual review of 9,000 charts. She further found that this request was not proportional to the needs of the case, especially in light of her order compelling the discovery of pharmacy records, which, defendants represented, contain much of the information sought by this interrogatory. The court does not find any portion of this order that is clearly erroneous or contrary to law. As a result, plaintiffs' objection to Magistrate Judge Wells' Memorandum Decision and Order Denying Motion to Compel Discovery is **OVERRULED.**

Signed November 6, 2018

                                                  BY THE COURT

                                                  _____

                                                  Jill N. Parrish
                                                  United States District Court Judge