FILED
2021 OCT 27 PM 12:21
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JASON AUS, JANIS AUS, and the ESTATE OF JEREMY AUS,<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE COUNTY, JAMES WINDER, WELLCON, INC., and JOHN and JANE DOES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WELLCON'S MOTION TO REMAND AND DISMISSING REMAINING MEDICAL NEGLIGENCE CLAIM WITHOUT PREJUDICE**<br><br>Case No. 2:16-cv-00266-JNP-CMR<br><br>District Judge Jill N. Parrish |

Before the court is Defendant Wellcon, Inc.'s ("Wellcon") Motion to Remand this Case to State Court. ECF No. 174. The court has concluded that oral argument on the Motion would not be helpful and will accordingly decide the Motion on the written memoranda of the parties. *See* DUCivR 7-1(f). Having carefully reviewed the parties' written memoranda and the relevant law, the court DENIES the Motion to Remand, but ORDERS that the instant action be DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

On April 4, 2016, Jason Aus, Janis Aus, and the Estate of Jeremy Aus (collectively, "Plaintiffs") filed a complaint against Defendants Salt Lake County and James Winder (collectively, "County Defendants") in federal court, alleging that County Defendants failed to provide adequate medical care in violation of 42 U.S.C. § 1983. ECF No. 2. On February 15, 2017, Plaintiffs amended their complaint to add Wellcon as a defendant to their § 1983 claim, ECF No. 31, and on May 18, 2017, Plaintiffs filed a second amended complaint, which added a

1

state law medical negligence claim against Wellcon, ECF No. 50. Because both Plaintiffs and Wellcon are citizens of Utah, the court only had subject matter jurisdiction over the state law medical negligence claim through exercise of supplemental jurisdiction. *See id.* ¶¶ 4–5, 9; 28 U.S.C. § 1367.

Over the following several years, the parties engaged in discovery and motion practice and, on April 17, 2020, the court set trial to begin on November 16, 2020. *See* ECF No. 143. However, because of COVID-19, the trial was initially rescheduled for April 5, 2021, ECF No. 157, and then subsequently rescheduled to its current date, December 6, 2021, ECF No. 166. During this time, the parties engaged in settlement negotiations and, on September 29, 2021, an agreement was reached as to all of the § 1983 claims. ECF No. 172. Accordingly, on October 24, 2021, Plaintiffs filed a Stipulation of Dismissal with Prejudice as to the County Defendants and the § 1983 claim against Wellcon, ECF No. 177, and the court ordered such dismissals on October 25, 2021, ECF No. 178.

Consequently, the only claim remaining in the instant action is the state law medical negligence claim against Wellcon. Wellcon moved to remand this claim to Utah state court. ECF No. 174.

## ANALYSIS

As an initial matter, the court agrees with Plaintiffs that the instant case cannot be remanded to state court. When a case is originally filed in federal court, remand to state court is not available. *Wittner v. Banner Health*, 720 F.3d 770, 781 (10th Cir. 2013) ("[B]ecause this action was never filed in state court and removed to federal court, it cannot be 'remanded'—only cases that have been removed from a given court can be remanded to that court."). Here, Plaintiffs' claims against Wellcon were filed in federal court, ECF Nos. 31, 50, and, up to this

2

point, the claims have been litigated exclusively in federal court. Accordingly, the court cannot remand Plaintiffs' remaining medical negligence claim against Wellcon to Utah state court.

That said, when a federal district court has jurisdiction over a claim as a result of supplemental jurisdiction, the district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Here, the court had original jurisdiction over the § 1983 claims against the County Defendants and Wellcon because those claims presented federal questions. *See* 28 U.S.C. § 1331. The court's jurisdiction over the state law medical negligence claim against Wellcon, on the other hand, was solely a result of supplemental jurisdiction because Plaintiffs and Wellcon are both citizens of Utah and, thus, nondiverse. *See* 28 U.S.C. §§ 1332, 1367. Because the court has dismissed all of the claims over which it had original jurisdiction, the court now has the discretion to decline to exercise supplemental jurisdiction over the remaining medical negligence claim. *See* 28 U.S.C. § 1367.

Both the United States Supreme Court and the Tenth Circuit have encouraged district courts to dismiss (or remand) supplemental state claims when the claim or claims that initially gave rise to federal court jurisdiction have been dismissed before trial. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial."); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) ("When all federal claims have been dismissed, the court may, and usually

3

should, decline to exercise jurisdiction over any remaining state claims." (citation omitted)); *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) ("[A] district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."). The usual practice is to dismiss the claim or claims without prejudice so that the plaintiff can pursue them in state court. *See Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (explaining that, when a state law claim or claims are "no longer supplemental to any federal question claim," "the most common response . . . has been to dismiss the state law claim or claims without prejudice"); *see also Nwosun v. Gen. Mills Rests.*, 124 F.3d 1255, 1258 (10th Cir. 1997) ("When a federal claim is disposed of pretrial, any supplemental state claims are generally dismissed without prejudice.").

When deciding whether to dismiss supplemental state claims, district courts consider judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *McWilliams v. Jefferson Cnty.*, 463 F.3d 1113, 1117–18 (10th Cir. 2006). As the case law discussed above indicates, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Cohill*, 484 U.S. at 350 n.7. Likewise, here, the court concludes that these factors, coupled with the presumption in favor of dismissing supplemental state law claims, render it appropriate for the court to dismiss Plaintiffs' remaining state law medical negligence claim against Wellcon without prejudice.

First, with respect to judicial economy, the court is cognizant of the fact that more than four years have passed since Plaintiffs filed the medical negligence claim against Wellcon. ECF No. 50. However, during this period, most of the activity in this case has focused on the federal §

1983 claims, which the parties resolved on September 29, 2021, and the court dismissed on October 25, 2021. ECF Nos. 172, 178.

In addition, although trial is scheduled to begin on December 6, 2021, the parties have yet to file any *Daubert* motions, motions in limine, or trial briefs. The parties also have not yet submitted proposed jury instructions, voir dire questions, or witness lists, and the court has yet to hold the final pretrial conference. In short, much work remains to be done before trial. Moreover, the court would likely need to expend significant resources to actually try this case, since it is currently scheduled for a two-week trial.

The court concludes that the judicial economy factor weighs in favor of the court dismissing the case without prejudice, especially because the court is facing a backlog of trials due to the disruption caused by the COVID-19 pandemic. It is more appropriate for its limited resources to be used resolving cases over which it has original jurisdiction, as opposed to a case involving a state law claim between nondiverse parties. The court is also satisfied that duplication of efforts can be minimized—and judicial economy promoted—because the discovery conducted in this court can be used in state court. *See OneBeacon Am. Ins. Co. v. San Juan Cnty.*, No. CIV 11-0991 JB/ACT, 2013 U.S. Dist. LEXIS 156740, at *20–*21 (D.N.M. Oct. 4, 2013) (dismissing without prejudice remaining state law claims between nondiverse parties and, in making that decision, noting that "[d]iscovery done here can be used in state court"); *Jensen v. Redevelopment Agency of Sandy City*, 951 P.2d 735, 738 (Utah 1997).

With respect to convenience, the court acknowledges that it would be more convenient for the parties to resolve their claim in this court at trial in December 2021. Indeed, the court is sensitive to the fact that the Utah state courts are also facing a backlog of trials and cases as a result of the disruption caused by COVID-19 and that, by dismissing this case, there will be

inevitable delay in resolving the parties' claim. However, at least one district court in the Tenth Circuit has expressed uncertainty as to whether such delay is a sufficient basis to retain jurisdiction of a state law claim "when the original claims which gave the [c]ourt jurisdiction are no longer present." *See OneBeacon*, 2013 U.S. Dist. LEXIS 156740, at *17–*19 ("Several Tenth Circuit opinions appear to foreclose the court from considering factors that would otherwise be compelling reasons to retain jurisdiction, such as . . . that both parties would be disadvantaged by the inevitable delay that would almost certainly result from not exercising supplemental jurisdiction." (internal quotation marks and citation omitted; citing *Brooks v. Gaenzle*, 614 F.3d 1213 (10th Cir. 2010), *Endris v. Sheridan Co. Police Dep't*, 415 F. App'x 34 (10th Cir. 2011) (unpublished)).

In terms of fairness, the court again emphasizes that the only remaining claim is a state law claim between nondiverse parties. "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Accordingly, the court concludes that the fairness factor weighs in favor of dismissing the remaining medical negligence claim without prejudice.

Finally, with respect to comity, the court concludes that this factor weighs strongly in favor of dismissing the remaining state law claim. "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball*, 54 F.3d at 669 (quoting *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990)); *see also Trs. of Marion Kingdom Hall of Jehovah's Witnesses v. City of Marion*, 638 F. Supp. 2d 962, 980 (S.D. Ill. 2007) ("Federalism dictates that a state's own courts should be allowed to decide issues of state law arising in suits between citizens of that state." (internal quotation marks and

citation omitted)). Apart from the disruption caused by the COVID-19 pandemic—which supports both the court dismissing the claim and the court retaining the claim—the court identifies no uniquely compelling reasons for the court to retain the medical negligence claim. Thus, the court determines that notions of comity counsel the court to dismiss the claim without prejudice so that Plaintiffs can pursue the state law claim in an appropriate state tribunal.

***

In sum, the court concludes that, when the presumption in favor of district courts dismissing supplemental state law claims after all federal claims have been dismissed is coupled with considerations of judicial economy, convenience, fairness, and comity, the scale tips in favor of the court dismissing the remaining state medical negligence claim against Wellcon. Accordingly, the court dismisses that claim without prejudice.

## CONCLUSION AND ORDER

For the foregoing reasons, Wellcon's Motion for Remand (ECF No. 174) is DENIED. However, the court ORDERS that the instant action be DISMISSED WITHOUT PREJUDICE.

DATED October 27, 2021.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge